

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GEORGE RUCKER | : CASE NO. 1:10 CV 2613 |
| Plaintiff, | : MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANT'S |
| -vs- | : RULE 12(b)(6) MOTION TO DISMISS THE COMPLAINT AS AGAINST THE |
| CITY OF CLEVELAND, et al., | : CITY |
| Defendants. | : |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is Defendant City of Cleveland's ("City") Motion to dismiss George Rucker's ("Mr. Rucker") 42 U.S.C. § 1983 Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 4). The City maintains that Mr. Rucker's Complaint fails to meet the minimum pleading standards established under Bell Atlantic Corp. V. Twombly, 550

U.S. 544 (2007), and reiterated in Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1948-50 (2009). Mr. Rucker has not responded to the City's petition.

Mr. Rucker's claims are alleged to arise from the events of 14 October 2008, when the Plaintiff avers that he was unlawfully struck and restrained by Patrolman Walter Thomas, after Mr. Rucker and two friends drove from a Cleveland nightclub. (Doc. 1 Complaint, ¶¶ 14-16). Mr. Rucker's single claim against the City, styled as his fourth claim, contains the allegation that the City failed to train and supervise its officers, and that the City "has a custom, policy and/or practice relative to their policing activities which was the driving force behind the Constitutional deprivations as outlined herein." (Doc. 1, ¶¶ 31-34).

The decision in Twombly established a more rigorous pleading standard in which "a plaintiff's obligation to provide the 'grounds' of his [or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp v. Twombly, 127 S.Ct. At 1968-69, 64-65. The decision in Iqbal, reinforced the now more rigorous pleading standard laid down in Twombly. See Ashcroft v. Iqbal, 129 S.Ct. 1948-49.

The Court has reviewed Mr. Rucker's Complaint against the City, alongside the standard enunciated in Twombly, and concludes as a matter of law that there are no allegations demonstrating a plausible right of recovery against the City. Mr. Rucker's conclusory allegations against the City fail to meet the pleading standards set forth in Fed.R.Civ.P. 8.

2

Accordingly, the Court will grant the City's motion to dismiss Mr. Rucker's Complaint against it, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE