**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| GEORGE RUCKER, ) | CASE NO. 1:10-cv-2613 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | NANCY A. VECCHIARELLI |
| ) | |
| CITY OF CLEVELAND, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | Doc. No. 18 |

This case is before the magistrate judge by the consent of the parties. Before the court is the motion of the remaining defendant, Walter Thomas ("Thomas") to dismiss this case pursuant to Fed. R. Civ. P. 4(m) for failure of service. Doc. No. 18. Plaintiff, George Rucker ("Rucker") opposes this motion. Doc. No. 32. For the reasons given below, the court GRANTS defendant's motion and dismisses the case without prejudice.

I.

The parties are in agreement as to the relevant facts in this case except where otherwise noted.

On October 14, 2010, Rucker filed a complaint in the Cuyahoga County Court of Common Pleas against the City of Cleveland ("Cleveland" or "the city") and Thomas, a patrolman with the Cleveland police department. The complaint identified Thomas as "Ptl. Walter Thomas, Bdg. #1874." The Cuyahoga County Clerk's Office sent, *via* certified mail,

a copy of the complaint to "City of Cleveland, Division of Police, 1300 Ontario Street, Cleveland, Ohio 44113." The certified mail return receipt was returned as received by the City of Cleveland and dated October 26, 2010, and the Cuyahoga County Clerk of Courts recorded a docket entry to that effect. Then, on October 29, 2010, the Cuyahoga County Clerk of Courts docketed the following entry: "Certified Mail Receipt No. 16412916 returned 10/29/2010 failure of service on defendant Ptl Walter Thomas Bdg #1874 -- No reason indicated notice mailed to plaintiff(s) attorney" (punctuation in original).

At the time service on Thomas was attempted at 1300 Ontario Street, Thomas had been on sick leave since July 13, 2010. That leave continued until the date of Thomas's retirement, April 12, 2011. At the time Thomas took sick leave, he had been assigned to the Fourth District police station, not to the main police headquarters at 1300 Ontario Street.[1]

Cleveland removed the case to this court on November 16, 2010. Thomas, through counsel, consented to the removal on November 19, 2010. Thomas also filed an answer on that date. Thomas included as one of his defenses in his answer failure of service.

Defendant Cleveland moved to be dismissed from the case, and the court granted that motion on January 6, 2011. On July 21, 2011, Thomas moved for dismissal based on failure of service. Plaintiff opposes this motion.

While the parties were briefing Thomas's motion to dismiss, plaintiff sought information which would allow it to perfect alternative service upon Thomas. The court

---

[1] Cleveland has five district police stations and several other duty locations in addition to the main headquarters. The Cleveland Division of Police employs about 1,450 full-time police officers.

ordered Cleveland to provide plaintiff its contact information for Thomas. On September 9, 2011, counsel for Cleveland forwarded to plaintiff's counsel Thomas's last known address, on C.P. On September 15, the city provided the last known telephone number for Thomas.

On September 19, 2011, plaintiff's counsel asked Cleveland for additional information about Thomas's whereabouts. In response, the city sent plaintiff's counsel a letter which said, in relevant part: "Cleveland herein provides the following additional address of Officer Thomas that a supervisor has since provided, without knowledge as to whether it is correct or current . . . ." The address was on Ct. in Cleveland.

On October 5, 2011, the federal clerk of courts sent a summons and complaint to Thomas at the Ct. address. On October 13, 2011, the clerk docketed the return receipt, signed by an unknown individual. The court ordered plaintiff to file an explanation of good service and ordered defendant to respond to that explanation.

The parties have filed an answer and a reply in response to Thomas's motion to dismiss and have filed an explanation of good service and an opposition to that explanation. Thus, the motion to dismiss is ready for review.

II.

Thomas moves to dismiss this action for failure to comply with Fed. R. Civ. P. 4(m) and consequent absence of personal jurisdiction. Rucker opposes Thomas's motion.

The party seeking assertion of personal jurisdiction has the burden of showing that such jurisdiction exists. *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996). If a court considering a motion to dismiss does not conduct an evidentiary hearing,

the court must consider the pleadings and affidavits in a light most favorable to the plaintiff.[2] *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998).  Nevertheless, "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."  *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  The relaxed, prima facie standard, moreover, "loses some of its significance . . . where . . . the plaintiff has received all of the discovery it sought with respect to personal jurisdiction and there does not appear to be any real dispute over the facts relating to jurisdiction."  *International Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997).

Federal R. Civ. P. 4(m) reads in relevant part as follows:

**(m) Time Limit for Service.**  If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rucker removed this action on November 16, 2010.  Thus, nearly a year has elapsed since the case was removed.  Thus, this action is well past the 120 day time limit for perfecting service.

Rucker claims that he has effected service upon Thomas; Thomas denies this.  Federal R. Civ. P. 4(e)(1) describes how an individual within a federal judicial district should be served:

Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver had been filed – may be served in a judicial district of the United States by:

---

[2] A motion to dismiss for failure of service is made pursuant to Rule 12(b)(2), absence of personal jurisdiction.

>  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Service by certified or express mail is the default method of service in Ohio:

> Evidenced by return receipt signed by any person, service of any process shall be by certified or express mail unless otherwise permitted by these rules.  The clerk shall place a copy of the process and complaint or other document to be served in an envelope.  The clerk shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward.  The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified or express mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.
>
> The clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact of notification on the appearance docket.  The clerk shall file the return receipt or returned envelope in the records of the action.

Ohio Civ. R. 4.1(A) ("R. 4.1(A)").

Although R. 4.1(A) describes a return receipt as evidencing successful service by certified or express mail, service by mail must comport with the requirements of due process:

> Case law interpreting [R. 4.1(A)] and defining the parameters of constitutionally sufficient due process holds that service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. . . .
>
>  The plaintiff in a case bears the burden of achieving proper service on a defendant.  In those instances where the plaintiff follows the Ohio Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice.  The "party attempting to avoid jurisdiction has the burden of showing a defect or irregularity in the process."

*Money Tree Loan Co. v. Williams*, 169 Ohio App. 3d 336, 341, 862 N.E.2d 885, 888-89

(2006) (citations omitted).  If service of process by certified mail is made to a business address, for that service to be "reasonably calculated" to apprise a person of an action, "the party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served."  *Id.*, 169 Ohio App. 3d at 341, 862 N.E.2d at 889 (citation omitted).

Applying the principles described above, the court will examine each of the two attempts made to serve Thomas.

*A. Service at the 1300 Ontario Street address*

Plaintiff's first attempt to serve Thomas was by way of a certified mailing in care of "City of Cleveland, Division of Police, 1300 Ontario Street, Cleveland, Ohio 44113."  The certified mail return receipt initially docketed as proof of service; then, three days later, an entry noted that the certified mail receipt was returned and that service had failed.  No further explanation was given for the latter entry.

Whether Rucker perfected service according to the requirements of R.4.1(A) and is entitled to a presumption of good service is unclear from the state docket.  Nevertheless, even if Rucker is entitled to such a presumption, Thomas provides declarations sufficient to overcome that presumption.  According to the declarations of members of the Cleveland police force,  Thomas was not assigned to the police headquarters at 1300 Ontario Street.  Rather, was assigned to the Fourth District police station.  Moreover, as of July 13, 2010, Thomas was on extended sick leave, and he remained on sick leave until he retired on April 12, 2011.  As Thomas did not have such an habitual, continuous or highly continual and repeated physical presence at the 1300 Ontario Street address that Rucker would have

-6-

reasonable grounds to calculate that the service would promptly reach Thomas, the attempt to serve Thomas at 1300 Ontario Street was not reasonably calculated to apprise Thomas of the present action.  Consequently, even if Rucker is entitled to a presumption of good service, Thomas has overcome that presumption by sufficient evidence that the method of service did not accord with due process.  For this reason, the mailing to 1300 Ontario street to did effect service upon Thomas.

Rucker cites *Elkins v. Summit County, Ohio*, 2008 WL 622038  (N.D. Ohio March 5, 2008), for the proposition that service of a police officer at a police station is sufficient to perfect service.  Rucker's argument is not well taken.  The court in *Elkins* found that service by certified mail at the Barberton, Ohio police station was sufficient for good service on a number of Barberton police officers.  There is no indication in *Elkins*, however, regarding the size of the Barberton police force and whether that force operated out of a single building.  Consequently, it is impossible to know whether the facts of *Elkins* and the facts of the present case are comparable.  Moreover, the court in *Elkins* declined to find that good service had been perfected on officers who had retired and were no longer active members of the Barberton police force.  *Elkins*, therefore, cannot support good service on Thomas when that service was made at a location with which he had no personal contact and when he was no longer an active member of the police force.

For the reasons given above, the court concludes that Rucker failed to perfect service on Thomas by a certified mailing to the 1300 Ontario address.

*B.  Service at the Ct. address*

On October 5, 2011, the federal clerk of courts sent a summons and complaint to Thomas at the Ct. address.  On October 13, 2011, the clerk docketed the return receipt,

signed by an unknown individual. Having apparently complied with the requirements of R. 4.1(A), Rucker is entitled to a presumption of good service under Ohio law.

Thomas, however, provides evidence to counter that presumption. In particular, he provides the declaration of Sadie Thomas ("S. Thomas") that she is the sole resident at the Ct. address, that defendant Thomas does not reside there, and that she did not sign for the certified mailing from the federal court deputy. Rucker provides no evidence that the Ct. address was Thomas's residence or that Thomas has a regular presence there. Consequently, the court must accept S. Thomas's declaration as true. As Rucker fails to demonstrate that service at the Ct. address was reasonably calculated to ensure that a mailing to that address would reach Thomas, Rucker has failed to show that service at the Ct. address comported with due process.

Rucker has failed to carry his burden to show that this court has personal jurisdiction over Thomas by virtue of effective service comporting with due process. Consequently, this case must be dismissed.

III.

For the reasons given above, the court GRANTS Thomas's motion to dismiss and dismisses the case without prejudice.

**IT IS SO ORDERED.**


Date:  November 8, 2011    s/ *Nancy A. Vecchiarelli*
                           NANCY A. VECCHIARELLI
                           UNITED STATES MAGISTRATE JUDGE